UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------X
TAHLIB BANKS, TASHEEM BANKS, ANDRE
CHEEVES, DERRICK COLEY, NEAL GRIMES
JAMES NUMA, DAQUAN SEABROOK, and
KEVIN WALCOTT,

                      Plaintiffs,

-against-

THE CITY OF NEW YORK, POLICE OFFICER
DANIEL BERARDI, shield #7962, POLICE OFFICER
MICHAEL FUNG, shield #3755, POLICE OFFICER
MATTHEW GERAMITA, shield #31748, POLICE
OFFICERS JANE/JOHN DOE(S) #s 1-20,

                      Defendants.
--------------------------------------------------X

**COMPLAINT**

PLAINTIFFS DEMAND
TRIAL BY JURY

PLAINTIFFS TAHLIB BANKS, TASHEEM BANKS, ANDRE CHEEVES, DERRICK COLEY, NEAL GRIMES, JAMES NUMA, DAQUAN SEABROOK, and KEVIN WALCOTT, by their attorney DAVID A. ZELMAN, ESQ., for their COMPLAINT, allege upon information and belief, as follows:

### I. PRELIMINARY STATEMENT

1. This is a civil rights action in which TAHLIB BANKS, TASHEEM BANKS, ANDRE CHEEVES, DERRICK COLEY, NEAL GRIMES, JAMES NUMA, DAQUAN SEABROOK, and KEVIN WALCOTT, (hereinafter "Plaintiffs") seek damages to redress the deprivation, under color of state law, of rights secured to them under the Fourth, Fifth, Sixth, and Fourteenth Amendments of the United States Constitution. On or about March 9, 2013, at approximately 12:00 A.M. at or near the intersection of Grafton Street and Dumont Avenue, Brooklyn, NY, Plaintiffs were falsely arrested by Defendants, including, but not limited to, POLICE OFFICER DANIEL BERARDI,

1

shield #7962, POLICE OFFICER MICHAEL FUNG, shield #3755, POLICE OFFICER MATTHEW GERAMITA, shield #31748, and POLICE OFFICERS JANE/JOHN DOE(S) (hereinafter "Defendants"). It is alleged that Defendants falsely arrested and excessively detained Plaintiffs in violation of their constitutional rights. As a result of the violation of their constitutional rights, Plaintiffs suffered physical and mental injuries.

## II. JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1343(3) and (4), which provides for original jurisdiction in this court of all suits brought pursuant to 42 U.S.C. § 1983, and by 28 U.S.C. §1331, which provides jurisdiction over all cases brought pursuant to the Constitution and laws of the United States.

## III. PARTIES

3. TAHLIB BANKS (hereinafter "TAHLIB") at all times relevant hereto resided in Kings County, New York.

4. TASHEEM BANKS (hereinafter "TASHEEM") at all times relevant hereto resided in Kings County, New York.

5. ANDRE CHEEVES (hereinafter "CHEEVES") at all times relevant hereto resided in Kings County, New York.

6. DERRICK COLEY (hereinafter "COLEY") at all times relevant hereto resided in Kings County, New York.

7. NEAL GRIMES (hereinafter "GRIMES") at all times relevant hereto resided in Kings County, New York.

8. JAMES NUMA (hereinafter "NUMA") at all times relevant hereto resided in Kings County, New York.

9. DAQUAN SEABROOK (hereinafter "SEABROOK") at all times relevant hereto resided in Kings County, New York.

10. KEVIN WALCOTT (hereinafter "WALCOTT") at all times relevant hereto resided in Kings County, New York.

11. Defendant CITY OF NEW YORK (hereinafter "CITY") is a municipal corporation, incorporated pursuant to the laws of the State of New York, which operates the New York City Police Department (hereinafter "NYPD"), and as such is the public employer of the Defendant officers herein.

12. Defendant POLICE OFFICER DANIEL BERARDI, shield #7962 (hereinafter "BERARDI") was an NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. BERARDI is sued in his official and individual capacity.

13. Defendant POLICE OFFICER MICHAEL FUNG, shield #3755 (hereinafter "FUNG") was an NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. FUNG is sued in his official and individual capacity.

14. Defendant POLICE OFFICER MATTHEW GERAMITA, shield #31748 (hereinafter "GERAMITA") was an NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. GERAMITA is sued in his official and individual capacity.

15. Defendants POLICE OFFICERS JANE/JOHN DOE(S) (hereinafter "DOE(S)") were NYPD police officers, and at all relevant times hereto, acted in that capacity as agents,

3

servants, and/or employees of Defendant CITY and within the scope of their employment. DOE(S) are sued in their official and individual capacity.

16. At all relevant times hereto, Defendants were acting under the color of state and local law. Defendants are sued in their individual and official capacities. At all relevant times hereto, Defendant CITY was responsible for making and enforcing the policies of NYPD and was acting under the color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

## IV. FACTS

17. On or about March 9, 2012 at approximately 12:00 A.M., at or near the corner of Grafton Street and Dumont Avenue, Plaintiffs were stopped by police officers, including but not limited to BERARDI, FUNG, and GERAMITA. Plaintiffs were arrested, placed in handcuffs, and transported to the 73rd precinct.

18. Plaintiffs were held at the precinct for approximately 12 hours before being transported to Central Booking. Plaintiffs were told that they were being charged with Unlawful Assembly and Disorderly Conduct.

19. Plaintiffs TAHLIB, TASHEEM, CHEEVES, COLEY, and WALCOTT were held at Central Booking for approximately 12 additional hours. At approximately 12:00 A.M. on March 10, 2013, TAHLIB, TASHEEM, CHEEVES, COLEY and WALCOTT were released without charge and without seeing a judge.

20. Plaintiff SEABROOK was held at Central Booking until approximately 1:00 A.M. on March 10, 2013, when he was released without charge and without seeing a judge.

21. Plaintiffs NUMA and GRIMES were held at Central Booking until the afternoon of March 10, 2013, when they were transported to Riker's Island.

22. NUMA and GRIMES were strip searched at Riker's Island.

23. GRIMES was released from Riker's Island on March 11, 2013, in the afternoon. NUMA was released from Riker's Island on March 12, 2013, in the evening.

24. No charges were filed against Plaintiffs stemming from the incident.

## V. FIRST CAUSE OF ACTION
Pursuant to § 1983 (FALSE ARREST)

25. Paragraphs 1 through 24 of this complaint are hereby realleged and incorporated by reference herein.

26. That Defendants had neither valid evidence for Plaintiffs' arrest nor legal cause or excuse to seize and detain them.

27. That in detaining Plaintiffs without a fair and reliable determination of probable cause, Defendant CITY abused its power and authority as a policymaker of the New York City Police Department under the color of State and/or local law. It is alleged that CITY, via their agents, servants and employees routinely charged persons with crimes they did not commit. Plaintiffs were but three of those persons.

28. Upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately supervise and train its officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

29. As a result of the above described policies and customs, the officers, staff, agents and employees of Defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or

sanctioned, but would be tolerated. In addition, the City of New York had and has a policy, custom, and/or practice of detaining persons for an excessive period of time prior to arraignment.

30. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the CITY to the constitutional rights of arrestees and were the cause of the violations of Plaintiffs' rights alleged herein.

31. By reason of Defendants acts and omissions, Defendant CITY, acting under color of state law and within the scope of its authority, in gross and wanton disregard of Plaintiffs' rights, subjected Plaintiffs to an unlawful detention, in violation of the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

32. By reason of the foregoing, Plaintiffs suffered physical injuries, mental injuries, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## VI. SECOND CAUSE OF ACTION
### Pursuant to § 1983 (EXCESSIVE PRE-ARRAIGNMENT DETENTION)

33. Paragraphs 1 through 32 are hereby realleged and incorporated by reference herein.

34. That Defendants had no legal cause nor excuse to detain Plaintiffs for a prolonged period prior to arraignment.

35. That Defendants detained Plaintiffs excessively prior to arraignment in violation of Plaintiffs' civil rights.

36. That Defendants detained Plaintiffs with ill will and/or negligently.

37. That Defendants should have expeditiously investigated this matter and released Plaintiffs.

38. By reason of Defendant's acts and omissions, Defendants, acting under color of state law and within the scope of its authority, in gross and wanton disregard of Plaintiffs' rights, deprived Plaintiffs of their liberty when it subjected them to an unlawful, illegal and excessive detention, in violation of his due process rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

39. That in so acting, Defendant CITY, abused its power and authority as policymaker of the New York City Police Department under the color of State and/or local law.

40. That upon information and belief, in 2013, Defendant CITY had a policy or routine practice of detaining and imprisoning individuals for excessive periods prior to arraignment.

41. That upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately train and supervise their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

42. That as a result of the above described policies and customs, the officers, staff, agents and employees of Defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

43. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of Defendant NYPD to the constitutional rights of arrestees and were the cause of the violations of Plaintiffs' rights alleged herein.

44. That Defendant, through its officers, agents and employees, unlawfully incarcerated Plaintiffs for an excessive period of time prior to arraignment.

45. By reason of the foregoing, Plaintiffs suffered mental injuries, economic injury, deprivation of property, liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## VII. THIRD CAUSE OF ACTION
### Pursuant to § 1983 (ILLEGAL INVESTIGATORY DETENTION)

46. Paragraphs 1 through 45 of this complaint are hereby realleged and incorporated by reference herein.

47. That Defendants stopping Plaintiffs constituted a seizure.

48. That Defendants had neither valid evidence nor legal cause or excuse to seize and detain Plaintiffs.

49. That in detaining Plaintiffs without reasonable suspicion that criminal activity had occurred or was about to occur, Defendant CITY abused its power and authority as a policymaker of the NYPD under the color of State and/or local law. It is alleged that CITY, via their agents, servants and employees routinely stopped persons without reasonable suspicion of criminal activity. Plaintiffs was but some of those persons.

50. Upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately supervise and train its officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

51. As a result of the above described policies and customs, the officers, staff, agents and employees of Defendant CITY believed that their actions would not be properly

monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

52. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the CITY to the constitutional rights of arrestees and were the cause of the violations of Plaintiffs' rights alleged herein.

53. By reason of Defendants acts and omissions, Defendant CITY, acting under color of state law and within the scope of its authority, in gross and wanton disregard of Plaintiffs' rights, subjected Plaintiffs to an unlawful detention, in violation of the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

54. By reason of the foregoing, Plaintiffs suffered physical injuries, mental injuries, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## VIII. FOURTH CAUSE OF ACTION
Pursuant to § 1983 (ILLEGAL STRIP SEARCH)

55. Paragraphs 1 through 54 are hereby realleged and incorporated by reference herein.

56. That Defendants strip searched Plaintiffs NUMA and GRIMES absent a requisite reasonable suspicion that Plaintiffs were concealing weapons or contraband.

57. That Defendants had no legally sufficient cause to strip search Plaintiffs NUMA and GRIMES.

58. That by reason of Defendants acts and omissions, Defendants acting under color of State law and within the scope of their authority, in gross and wanton disregard of Plaintiffs' rights, subjected Plaintiffs to an illegal strip search, in violation of their rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

9

59. As a result of the above constitutionally impermissible conduct, plaintiffs NUMA and GRIMES were caused to suffer personal injuries, violation of civil rights, economic damages, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom and damage to his reputation and standing within his community.

**INJURY AND DAMAGES**

As a result of the acts and conduct complained of herein, Plaintiffs have suffered and will continue to suffer, physical pain, emotional pain, suffering, permanent disability, inconvenience, injury to his reputation, loss of enjoyment of life, loss of liberty and other non-pecuniary losses. Plaintiffs have further experienced severe emotional and physical distress.

WHEREFORE, Plaintiffs respectfully request that judgment be entered:

1. Awarding Plaintiffs compensatory damages in a full and fair sum to be determined by a jury;

2. Awarding Plaintiffs punitive damages in an amount to be determined by a jury;

3. Awarding Plaintiffs interest from March 9, 2013;

4. Awarding Plaintiffs reasonable attorneys' fees pursuant to 42 USC §1988; and

5. Granting such other and further relief as to this Court deems proper.

DATED: Brooklyn, New York
March 19, 2013

DAVID A. ZELMAN, ESQ.
(DZ 8578)
612 Eastern Parkway
Brooklyn, New York 11225
(718)604-3072